IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO MORENO VIDALES, | ) | |
| Movant, | ) | No. 3:15-CV-2139-K |
| vs. | ) | No. 3:11-CR-154-K (17) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Sergio Moreno Vidales's (Movant) motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the following reasons, the Court denies the motion.

**I. BACKGROUND**

Movant and others were charged by a second superseding indictment with conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846 (count one), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii) (count three), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count four), and possession of a firearm by an alien illegally in the United States in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). (Doc. 451.). Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:11-CR-154-K(17). Movant pled not guilty, and a jury convicted him of all counts. The Court sentenced him to 276

months in prison for counts one and three to run concurrently with a 120-month sentence for count four, and to 60 months for count five to run consecutively to the sentences for counts one, three, and four. (Doc. 502 at 2.) The judgment was affirmed on appeal. (Doc. 519); *United States v. Vidales*, No. 13-10894 (5th Cir. July 21, 2014).

Movant raises the following grounds:

(1) Counsel was ineffective for failing to:

    (a) explain the law of conspiracy to him;

    (b) explain the difference between d-methamphetamine and l-methamphetamine;

    (c) explain the advantages of pleading guilty and explain that if he pled guilty his offense level could have been reduced;

(2) The law of conspiracy is unconstitutional.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient

performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence

would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.  **Law of Conspiracy**

Movant contends that trial counsel was ineffective for failing to explain the law of conspiracy. The indictment alleged that Movant and others conspired to possess with intent to deliver methamphetamine, and it alleged specific acts of the defendants that were performed as part of the conspiracy. He does not allege what in particular counsel failed to explain to him about the law of conspiracy. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

B.   **Type of Methamphetamine**

Movant contends that counsel was ineffective for failing to explain the difference between d-methampetamine and l-methamphetamine. He asserts that had counsel done so, he would have likely pled guilty.

D- and l-methamphetamine are isomers or different types of methamphetamine. *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). The difference between the isomers is irrelevant for purposes of the elements of the offense and guilt. *Id*. After a 1995 amendment to the United States Sentencing Guidelines, there is no distinction between the two isomers in the sentencing guidelines. *United States v. Ramirez*, 804 F.3d 700, 701-02 (5th Cir. 2015).

Movant does not allege what in particular counsel failed to explain about the different isomers of methamphetamine. He does not allege how any explanation about the different isomers would have affected his decision to plead guilty. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

C.   **Advice Regarding Guilty Plea**

Movant contends that counsel was ineffective for failing to advise him about the advantages of pleading guilty. Specifically, he asserts that counsel failed to inform him that the offense level would be reduced if he pled guilty. He appears to refer to reductions in the offense level for acceptance of responsibility. He claims that had he been so advised, he would have pled guilty.

A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

At a status conference on May 12, 2012, the Court made certain that Movant understood that the Government was planning on re-indicting him, which could raise the minimum sentence from ten years to fifteen years, but that if he pled guilty, he could do so under the ten-year minimum. (Doc. 538 at 7.) He said that he would plead guilty if he received the same plea agreement as a co-defendant. (*Id*. at 8.) He was told that he would not receive that same plea agreement. (*Id*. at 8-9.) The Government discussed the evidence that would be presented at trial. (*Id*. at 11-13.) The Government stated that he could plead guilty to one count of possession with intent to deliver a controlled

substance. (*Id*. at 14.) Otherwise, he would be re-indicted with additional charges for conspiracy and for possessing a firearm in the course of drug trafficking. (*Id*.) He stated that if he did not obtain the same plea deal as the co-defendant, then the possibility of a lengthier sentence upon re-indictment did not matter to him and, based on the Government's evidence, he would go to trial. (*Id*. at 15, 17.) A later letter to the Court confirmed that he was firm in his decision to go to trial. (Doc. 449 at 1.) Thus, his primary concern was getting the same plea agreement as a co-defendant. The possibility of facing additional charges and a potentially lengthier sentence did not matter to him. His statements at the status conference strongly indicate that he would not have pled guilty in return for reductions to the offense level for acceptance of responsibility.

Moreover, at sentencing, Movant stated that he had not reviewed the presentence report (PSR) with counsel. (Doc. 508 at 4.) Counsel said that she went over the PSR with him, but he told her that he did not care about it. (*Id*. at 5.) Later in the sentencing hearing, Movant indicated he was aware of information in the PSR, such as the offense level. (*Id*. at 6.) Movant said that she told him his offense level, but he was not aware of the contents of the PSR. (*Id*.) The Court did not find him credible regarding his in-court statements about the extent to which counsel explained the PSR to him. (*Id*.)

Movant has not presented independent indicia of counsel's alleged failure to advise him about possible reductions for acceptance of responsibility by pleading guilty.

The record shows that such reductions would not have mattered to him in deciding to plead guilty and that Movant previously misrepresented what counsel had told him regarding sentencing. Based on the foregoing, he is not entitled to an evidentiary hearing or relief on his conclusory claim.

### IV. CONSTITUTIONALITY OF CONSPIRACY LAW

Movant contends that the conspiracy law is unconstitutionally vague because it fails to state what conduct is prohibited and it allows one conspirator to be convicted but fails to punish unknown conspirators. This claim is procedurally barred, because he did not raise this claim on appeal. *See Willis*, 273 F.3d at 595. He has not shown cause or prejudice to overcome the bar. *See Shaid*, 937 F.2d at 232.

Additionally, he does not allege how the conspiracy law or statute is unconstitutionally vague. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

Moreover, the conspiracy statute, 21 U.S.C. § 846, has survived challenges to it as unconstitutionally vague. *United States v. Alvarez*, 2016 WL 6778535 at *2 (S.D. Tex. Nov. 15, 2016) (citing *United States v. Cooper*, 606 F.2d 96, 98 (5th Cir. 1979); *see also United States v. Collins*, 272 F.3d 984, 988-89 (7th Cir. 2001).

## V. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 claims are **DENIED** with prejudice.

IT IS SO ORDERED.

Signed September 6th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE